IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 24 2012

CLERK, U.S. DISTRICT COURT
by_____
Deputy

MICHAEL BOHANNAN,               §
                                §
          Plaintiff,            §
                                §
                                §
VS.                             §    NO. 4:11-CV-299-A
                                §
WESLEY GRIFFIN, ET AL.,         §
                                §
          Defendants.           §

MEMORANDUM OPINION
and
ORDER

Now before the court for consideration is a complaint
pursuant to 42 U.S.C. § 1983 filed in the above action by
plaintiff, Michael Bohannan, naming as defendants:  Wesley
Griffin ("Griffin"), case manager for the Council on Sex Offender
Treatment ("CSOT"); John Doe I, CSOT case manager; Trooper Doe I
and Trooper Doe II, Department of Public Safety ("Trooper
Defendants"); Allison Taylor ("Taylor"), CSOT executive director;
Lisa Worry ("Worry") and Deborah Morgan ("Morgan"), CSOT program
specialists; Liles Arnold ("Arnold"), CSOT chairperson; Maria
Molett, Aaron Pierce, Dan Powers, Ronnie Fanning, and Alida
Hernandez, each identified as a CSOT member ("CSOT Member
Defendants"); Brad Livingston, Director, Texas Department of
Criminal Justice ("TDCJ"); Stuart Jenkins ("Jenkins"), Christina
Propes ("Propes"), Ricardo Jiminez ("Jiminez"), each identified

as a Director of TDCJ Parole Division, Vicki Hallman, TDCJ-Parole regional supervisor, Jacqueline Dickerson, TDCJ-Parole, Melinda Bozarth, TDCJ general counsel, Kassie Ellis ("Ellis"), hearing officer, Ken Neill, TDCJ-Parole Division supervisor, and Sherlyn Johnson, TDCJ Parole Division parole officer (collectively, the "TDCJ Parole Defendants"); and Jane Doe I.

On August 17, 2011, plaintiff also filed a supplement to his civil rights complaint, naming as defendants Dee Anderson ("Anderson"), Tarrant County Sheriff; Bob Knowles ("Knowles"), Executive Chief Deputy, Tarrant County Corrections Center; Karla Elliott ("Elliott"), Tarrant County Jail nurse; Nurse Doe I and Doctor Doe I, both of Tarrant County Jail and/or John Peter Smith Hospital ("JPS"), and Doctor Doe II, Chief Administrator of JPS.

I.

## Case History

The case was originally filed in the Western District of Texas, but was transferred to the Northern District by order signed April 22, 2011.  Following the transfer, a series of orders and responses followed between the United States Magistrate Judge and plaintiff concerning whether plaintiff was entitled to proceed in forma pauperis.  Rather than revisit the issues raised in that exchange, the court has concluded that plaintiff is entitled to proceed in forma pauperis and is

2

proceeding to the merits of plaintiff's complaint.

II.

Background

On November 14, 1983, plaintiff pleaded guilty to two counts of aggravated rape and was sentenced to two twenty-five year concurrent sentences.[1]  On January 22, 2009, plaintiff was found to be a sexually violent predator and was civilly committed to outpatient treatment pursuant to chapter 841 of the Texas Health & Safety Code.[2]  On January 26, 2009, plaintiff was released to mandatory supervision at a facility in Fort Worth, Texas.  On March 31, 2009, plaintiff was arrested for alleged monitoring violations that allegedly occurred in February and March 2009. On or about April 2, 2009, the TDCJ issued a pre-revocation warrant requiring plaintiff to remain incarcerated pending a preliminary and/or final revocation hearing.[3]

---

[1]Plaintiff's criminal history pertinent to the instant complaint is set forth in his petition pursuant to 28 U.S.C. § 2254, filed November 5, 2009, in this court in Case Number 4:09-CV-662-A.  The court takes judicial notice of the papers on file in Case Number 4:09-CV-662-A.

[2]As stated in the complaint, on July 22, 2010, the Beaumont Court of Appeals reversed and remanded the civil commitment determination for a new trial.  See In re Commitment of Bohannan, 2010 WL 2854254 (Tex. App.--Beaumont July 22, 2010), review granted.  As noted by the petition history, the decision of the Beaumont Court of Appeals is now on review before the Texas Supreme Court.

[3]Plaintiff alleges that the charges against him were dismissed in March 2011.  However, the papers on file with the court in the instant action show that plaintiff is currently incarcerated in the Montgomery County Jail, although the circumstances leading to the current incarceration are not before the court.

III.

Applicable Law and Analysis

A.   Treatment of In Forma Pauperis Complaints

As a prisoner seeking redress from government officials, plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998).  Section 1915A(b)(1) provides for sua sponte dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted.  A claim is frivolous if it "lacks an arguable basis in either fact or law."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).

In evaluating whether the complaint states a valid claim for relief, the court construes the allegations of the complaint favorably to the pleader.  Warth v. Seldin, 422 U.S. 490, 501 (1975).  However, the court does not accept conclusory allegations or unwarranted deductions of fact as true, and a plaintiff must provide more than labels and conclusions or a

4

formulaic recitation of the elements of a cause of action.

Twombly, 550 U.S. at 555; Tuchman v. DSC Commc'ns Corp., 14 F.3d

1061, 1067 (5th Cir. 1994).

Having now considered plaintiff's numerous claims and causes

of action, the court concludes that a substantial portion of the

same should be dismissed, but that plaintiff is entitled to

service of some claims, as described in detail below.

B.   Claim I:  Deliberate Indifference to
     Plaintiff's Serious Dental Needs

1.   Facts Pertaining to Claim I

Plaintiff claims that on January 26, 2009, he was

transferred to the Fort Worth Community Correctional Facility and

met with his case manager, Griffin, an employee of the CSOT.

Plaintiff alleges that on January 26, 2009, he informed Griffin

that he needed treatment for a number of dental problems.  Also

on January 26, 2009, Griffin refused to allow plaintiff's father,

a dentist, to have contact with him in order to provide

treatment, and that as a result of such denial, on February 15,

2009, he lost a tooth.  Plaintiff further alleges that on

February 23, 2009, Griffin permitted him to attend an appointment

at a local dental clinic; however, plaintiff learned that Griffin

had not authorized payment of the $37.00 fee for the clinic.

On March 4, 2009, Griffin again allowed plaintiff to leave the facility to attend a local dental clinic. The clinic gave plaintiff an estimate of $11,000 for needed dental work. The clinic informed plaintiff that Griffin had not made arrangements for payment. When plaintiff provided Griffin with the statement, Griffin informed plaintiff that neither the State nor the CSOT would pay that much for plaintiff's dental care. On March 9, 2009, plaintiff filed a formal grievance concerning the lack of dental care. However, as of the filing of the complaint, the CSOT had failed to respond to plaintiff's grievance.

2.   Applicable Law and Analysis

"There is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983." Jackson v. Johnson, 950 F.2d 263, 265 (5th Cir. 1992). Federal courts thus look to the law of the forum state to determine when an action accrues under § 1983. Id. In Texas, the applicable limitations period is two years. Id. A cause of action pursuant to § 1983 "accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Id. (citations omitted). Stated differently, limitations begins to run "when the plaintiff is in possession of the critical facts that he has been hurt and who has inflicted the injury." Moore v. McDonald, 30 F.3d 616, 621 (5th Cir. 1994) (citations omitted).

6

Here, plaintiff knew by at least March 9, 2009, that Griffin had refused to provide the requested dental care because such was the subject of plaintiff's grievance to the CSOT filed on that date.  Plaintiff filed the instant action on March 31, 2011, more than two years later.  Accordingly, plaintiff's claim of deliberate indifference to dental needs is barred by limitations.

To the extent plaintiff purports to assert a claim against the CSOT for failure to respond to his grievance, such a claim is not cognizable under § 1983, as plaintiff has no constitutional right to have his grievances answered.  <u>Geiger v. Jowers</u>, 404 F.3d 371, 373-74 (5th Cir. 2005); <u>Thomas v. Lensing</u>, 31 F. App'x 153 (5th Cir. Dec. 1, 2001).  Claim I is dismissed.

C.   <u>Claim II:  Unreasonable Interference With Plaintiff's Freedoms of Speech, Association, and Religion</u>

Plaintiff claims that on January 26, 2009, Griffin: restricted plaintiff from contact with family members, causal relations, or friends without approval from his case manager and treatment provider; and, required that all plaintiff's mail be reviewed to determine if it was from an approved contact. Plaintiff also complains that the CSOT has no policy to monitor such restrictions.

The court's initial thought is that the allegations against Griffin are barred by limitations for the same reasons explained

in section III.B., <u>supra</u>.  However, because the allegations could
state an ongoing violation, the court will allow plaintiff to
proceed on this claim as to Griffin.

Dismissal is warranted, however, as to plaintiff's claims
under Claim II as to the CSOT.  Those claims are conclusory, at
best, and fail to state a claim for relief against the CSOT.

D.   <u>Claim III: Infringement of Plaintiff's
     Fifth Amendment Rights</u>

Plaintiff complains that the CSOT and Griffin require
individuals civilly committed pursuant to Chapter 841 to provide
written statements addressing alleged rule violations and to
undergo regular polygraph examinations.  Plaintiff contends these
requirements violate his Fifth Amendment right against self-
incrimination.

Section 841.083(a) of the Texas Health & Safety Code
provides that a treatment plan for a person civilly committed as
a sexually violent predator may include monitoring of the person
via polygraph examination.  The same issue has been raised in
state court proceedings by others committed under the sexually
violent predator statute, and has been uniformly rejected.  As
explained by one court, nothing in § 841.083(a) "requires the
giving of incriminating evidence in violation of the person's
rights under the Fifth Amendment of the United States

Constitution." <u>Beasley v. Molett</u>, 95 S.W.3d 590, 610 (Tex. App.--Beaumont 2002, pet. denied).   Rather, "[t]he privilege against self-incrimination is not self-executing; it must be claimed." <u>Ex parte Renfro</u>, 999 S.W.2d 557, 561 (Tex. App.-- Houston [14th Dist.], 1999, pet. ref'd) (citing <u>Minnesota v. Murphy</u>, 465 U.S. 420, 427-28 (1984)); <u>In re Commitment of Mullens</u>, 92 S.W.3d 881, 888 (Tex. App.--Beaumont 2002, pet. denied).

Plaintiff asserts his polygraph claim in general terms and does not allege facts to show it has been applied to him in a way that violated his Fifth Amendment rights.   Accordingly, plaintiff has failed to allege a constitutional violation.

E.   <u>Claim IV:   Deliberate Indifference to Plaintiff's Mental Health Needs</u>

Plaintiff alleges that the order civilly committing him as a sexually violent predator required Griffin and the CSOT to provide him "appropriate and necessary" mental health treatment. Compl. at 17.   He further alleges that on March 31, 2009, Griffin had him "unjustly" arrested, <u>id.</u>, and that following his arrest, Griffin ceased providing mental health treatment.   The basis of plaintiff's claim appears to be that whatever unspecified mental health treatment he was receiving ceased when he became incarcerated, yet the CSOT and Griffin had previously provided

mental health treatment to others who were incarcerated at the Tarrant County Jail.

Plaintiff pleaded this claim in a conclusory fashion absent any supporting facts, and with no allegation that plaintiff suffered any injury by any failure to receive mental health treatment while at the Tarrant County Jail.  The court need not accept conclusory assertions in place of factual allegations. Twombly, 550 U.S. at 555.  Claim IV is dismissed.

F.   Claim V: Deliberate Indifference to Serious Medical Needs

Plaintiff alleges that on March 31, 2009, Griffin had plaintiff unjustly arrested, but refused to allow plaintiff to take his medications with him to the Tarrant County jail.  As a result of being deprived of his medications, plaintiff's blood pressure was elevated, damaging the small blood vessels in his eyes, and the deprivation of other medications caused him other unnecessary pain.  Plaintiff has alleged facts which, if true, could constitute a claim of deliberate indifference by Griffin to plaintiff's serious medical needs.

To the extent plaintiff is attempting to assert any claims against the unnamed Trooper Defendants, he has alleged no facts as would state a constitutional violation by those individuals, and those claims are dismissed.

G.   Claim VI:  Unwarranted Confiscation of Legal Property
     Resulting in the Denial of Access to the Courts

The essence of this claim is that at the time Griffin had

plaintiff arrested in March 2009, he prevented plaintiff from

taking with him to the Tarrant County Jail a bag containing

plaintiff's legal papers.  Griffin eventually turned the papers

over to authorities, who returned them to plaintiff; however, the

papers were in disarray when returned to plaintiff.

Plaintiff alleged that he needed the legal papers to file a

habeas petition pursuant to 28 U.S.C. § 2254.   Plaintiff filed

such a petition in this court on November 5, 2009, in Case Number

4:09-CV-662-A.  The court dismissed plaintiff's habeas petition

on April 23, 2010, a result plaintiff contends occurred because

of Griffin's unwarranted seizure of, and delay in returning, his

legal files.

A prisoner's access to the courts "encompasses only a

reasonably adequate opportunity to file non-frivolous legal

claims."  Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999).

The Supreme Court has not expanded the right of access to the

courts beyond "the ability of an inmate to prepare and transmit a

necessary legal document to a court."  Eason v. Thaler, 73 F.3d

1322, 1328 (5th Cir. 1996).  To prevail on his claims, plaintiff

"must have demonstrated that his position as a litigant was

prejudiced by his denial of access to the courts."   Id.

The only allegation by plaintiff of any supposed prejudice is his contention concerning the aforementioned dismissal of his petition pursuant to § 2254 on April 23, 2010.  The record in Case Number 4:09-CV-662-A, however, fails to support plaintiff's contention.  Instead, in dismissing the habeas petition in Case Number 4:09-CV-662-A, the undersigned concluded that plaintiff's habeas claims were required to be filed no later than October 1, 2007--well before the alleged confiscation of his legal materials in March 2009.[4]  Having alleged no other prejudice from Griffin's alleged seizure of his legal materials, plaintiff has failed to state a claim for relief.

H.   Claim VII:  Retaliation and Malicious Prosecution

Plaintiff alleges that he filed grievances against Griffin with the CSOT in March 2009.  He claims Griffin, in retaliation for the grievances, intentionally withheld exculpatory information from investigators from the Texas Department of Public Safety who were investigating plaintiff's alleged violations of facility regulations.  As a result of the alleged retaliation, plaintiff was arrested and incarcerated for a period of almost two years before the charges were dismissed.  The court

---

[4]The court also concluded that plaintiff had procedurally defaulted as to some claims and had failed to exhaust others.

12

concludes that Griffin has alleged facts which, if true, could state a claim of retaliation and malicious prosecution against Griffin.

The remaining allegations of retaliation/malicious prosecution alleged under this heading, however, must be dismissed. The allegations against "John Doe I" and the CSOT are based on theories of respondeat superior and/or supervisory liability. Neither theory is sufficient to support a claim under § 1983. Rather, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) (citation omitted). Supervisors must either actively participate in the acts complained of or implement unconstitutional policies that result in injury. Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992). Plaintiff's allegations against the CSOT and John Doe I are conclusory and fail to state a claim against those defendants.[5]

Finally, plaintiff attempts to assert a claim of retaliation against the "parole officials." Plaintiff alleges this complaint in a conclusory manner and fails to allege sufficient facts to state a claim of retaliation against the unidentified defendants.

---

[5]In addition, the court does not entertain claims against unknown or unnamed defendants.

I.   Claim VIII: Failure to Train and Supervise, and Claim IX:
     Conspiracy to Violate Plaintiff's Constitutional Rights

Plaintiff alleged Claim VIII against Taylor, Worry, and
Morgan, all allegedly employees or officers of the CSOT, and John
Doe I.  Compl. at 33.  Plaintiff asserted claim IX against
Griffin, John Doe I, the Trooper Defendants, and the CSOT.  Id.
Claim VIII and Claim IX are each pleaded in conclusory fashion
and thus fail to state a claim for relief.  Although plaintiff
states that he incorporates all of the facts previously mentioned
in support of his previous claims, those facts fail to allege
claims against any of the defendants named under Claim VIII and
Claim IX, and are dismissed.

J.   Claims X, XI, and XII: Claims Pertaining to Denial of
     Plaintiff's Right to Prompt Preliminary Revocation Hearing
     and Prompt Revocation Hearing

Claim X, alleged against Livingston and the TDCJ Parole
Defendants, pertains to denial of plaintiff's right to a prompt
preliminary revocation hearing.  Claim XI alleged that Ellis, the
hearing officer at plaintiff's preliminary revocation hearing,
lacked a sufficient basis for a finding of probable cause in the
preliminary revocation hearing.  And, Claim XII, against
Livingston, Propes, Jenkins, Jiminez, Bozarth, and Jane Doe I,
alleged violation of plaintiff's right to a revocation hearing
within a reasonable time.

"The Texas Board of Pardon and Paroles, a division of the Texas Department of Criminal Justice, is cloaked with Eleventh Amendment immunity." <u>Littles v. Bd. of Pardons and Paroles Div.</u>, 68 F.3d 122, 123 (5th Cir. 1995). Similarly, "[p]arole officers are entitled to absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision-making powers." <u>Id.</u>; <u>see also</u> <u>Walter v. Torres</u>, 917 F.2d 1379, 1383-84 (5th Cir. 1990). Scheduling of a revocation hearing, the issue here, "is an integral part of the revocation decision itself, and functionally comparable to the decisions of a judge concerning the scheduling of trial." <u>Walrath v. United States</u>, 35 F.3d 277, 283 (7th Cir. 1994) (cited with approval in <u>Hulsey v. Owens</u>, 63 F.3d 354, 357 (5th Cir. 1995)). The only allegations against Livingston and the TDCJ Parole Defendants thus pertain to an issue for which they are accorded absolute immunity, and dismissal of Claims X and XII is warranted.[6]

Likewise, the allegations as to Ellis pertain to his role as the hearing officer in plaintiff's preliminary revocation hearing. In that capacity, Ellis is also entitled to absolute immunity. Claims X, XI, and XII are dismissed.

---

[6]Bozarth, as general counsel, is also entitled to absolute immunity. <u>Hulsey v. Owens</u>, 63 F.3d 354, 357 n.6 (5th Cir. 1995).

K.    State Law Claims

Plaintiff is entitled to proceed on his state law claims of false imprisonment and malicious prosecution against Griffin. However, plaintiff has failed to identify any defendant against whom he asserted claims under Texas Government Code § 508.282, nor is the court aware of authority whereby violation of this procedural rule affords an individual a cognizable cause of action.[7]  Accordingly, this claim is dismissed.

Plaintiff also asserted a claim under the Texas Tort Claims Act ("Act"), alleging that the "faulty electronic monitoring equipment used by the CSOT caused Plaintiff extreme stress resulting in increased blood pressure levels, Plaintiff's imprisonment, and the injuries he received as a result of that imprisonment."  Compl. at 36.  Although plaintiff did not designate the specific provision of the Act under which this claim purportedly arises, the only applicable provision would appear to be § 101.021(2), which waives immunity for injury caused by "a condition or use of tangible personal" property. Tex. Civ. Prac. & Rem. Code § 101.021(2).

"The Tort Claims Act provides a limited waiver of sovereign immunity, allowing suits to be brought against governmental units

---

[7]Section 508.282 of the Texas Government Code prescribes time frames and procedures for addressing charges against parolees or other designated individuals.

only in certain, narrowly defined circumstances." <u>Tex. Dep't of</u>
<u>Crim. Justice v. Miller</u>, 51 S.W.3d 583, 587 (Tex. 2001). As to
the provision at issue here, more is required to establish waiver
than to merely show that some property is involved in the
plaintiff's injury. <u>Id.</u> at 588. Rather, "personal injury . . .
must be proximately caused by the condition or use of tangible
property." <u>Dallas Cnty. Mental Health and Mental Retardation v.</u>
<u>Bossley</u>, 968 S.W.2d 339, 343 (Tex. 1998).

Here, while the electronic monitoring equipment might have
"furnish[ed] the condition that made the injury possible," <u>id.</u>
(brackets in original) (citation omitted), use of the equipment
itself did not cause plaintiff any injury as contemplated by the
Act. Accordingly, dismissal is warranted as to plaintiff's
claims under the Act.

L.   <u>Claims Filed in Plaintiff's First Supplemental Complaint</u>

Plaintiff alleged that on March 31, 2009, upon his arrival
at the Tarrant County Jail, he informed Nurse Doe I that his
medications had been renewed by a JPS doctor; however, Nurse Doe
I told plaintiff that the jail did not consider JPS medication
orders. Plaintiff alleges that Tarrant County Jail has a policy
or practice of not adequately monitoring incoming patients with
hypertension to avoid the cost of treating that condition, and
that Anderson, Knowles, Elliott, Nurse Doe I, Doctor Does I and

II, all were aware of deficiencies in Tarrant County Jail's medication policies.

Plaintiff further alleged that he filed grievances addressing Elliott's medication denials, and that in retaliation, Elliott refused to provide plaintiff's medications. Plaintiff alleged that Anderson, Knowles, and Doctor Doe II refused to take corrective actions against Elliott. Plaintiff further alleged that Anderson, Knowles, and the Doctor Does failed to adequately supervise and train Elliott and Nurse Doe I.

For the reasons discussed below, the court has concluded that all claims and causes of action asserted in the supplemental complaint must be dismissed as frivolous and for failure to state a claim.

As to Anderson and Knowles, liability against those individuals is alleged only in their supervisory capacity. No facts are alleged as to any acts taken by either Anderson or Knowles pertaining to plaintiff. As discussed supra, § 1983 does not impose supervisory liability. Further, the claims concerning failure to train and supervise are wholly conclusory and fail to assert any facts in support thereof.[8] Thus, all claims against Anderson and Knowles are dismissed.

─────────────────────

[8] Given plaintiff's thirty-nine page original complaint, setting forth with specificity the details of many of his claims, the court is satisfied that plaintiff knows how to allege facts that support his claims.

The court also does not consider claims against unknown defendants. Accordingly, any claims purportedly asserted against Nurse Doe I and Doctor Does I and II are dismissed. Further, plaintiff appears to attempt allegations against Doctor Doe II in the same supervisory capacity as he alleged against Anderson and Knowles. For the same reasons, those claims are dismissed.

Similarly, plaintiff's retaliation claim against Elliott was also pleaded in conclusory fashion and failed to include any factual allegations in support. Accordingly, this claim is dismissed as well.

M.   Summary

To summarize the court's disposition of plaintiff's numerous claims and causes of action, the only remaining defendant is Griffin, and the only cognizable claims are: Claim II, unreasonable interference with plaintiff's freedoms of speech, association, and religion against Griffin; Claim V, deliberate indifference to plaintiff's serious medical needs; Claim VII, retaliation; and state law claims of malicious prosecution and false arrest.[9]

---

[9]The thought occurs to the court that the remaining claims against Griffin are of the type that could be subject to dismissal pursuant to a claim of qualified immunity. Additionally, section 841.147 of the Texas Health & Safety Code establishes "immun[ity] from liability for good faith conduct" for certain categories of individuals connected with the civil commitment of sexually violent predators, at least one of which would appear to include Griffin. Immunity, of course, is an affirmative defense that must be raised by the defendant. Collier v. Montgomery, 569 F.3d 214, 217 (5th Cir. 2009).

IV.

Order

Therefore,

The court ORDERS that (1) all claims and causes of action asserted in the above-captioned action by plaintiff against John Doe I; the Trooper Defendants; Taylor; Worry; Morgan;  Arnold; the CSOT Member Defendants; Livingston; the TDCJ Parole Defendants; Jane Doe I; Anderson; Knowles; Elliott; Nurse Doe I; Doctor Doe I; Doctor Doe II; (2) Claim I, Claim III, Claim IV, and Claim VI against Griffin; and, (3) plaintiff's claims pursuant to the Texas Tort Claims Act and Texas Government Code § 508.282 be, and are hereby, dismissed with prejudice pursuant to 28 U.S.C. 1915A(b) as frivolous and for failure to state a claim upon which relief may be granted.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissals.

The court further ORDERS that the caption of this action be modified so that from this point forward the title of this action

shall be "Michael Bohannan, Plaintiff, v. Wesley Griffin,

Defendant."

     SIGNED January 24, 2012.

_____
JOHN McBRYDE
United States District Judge

21