IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MICHAEL BOHANNAN          §
                          §
          Plaintiff,      §
                          §
VS.                       §     NO. 4:11-CV-299-A
                          §
WESLEY GRIFFIN, ET AL.,   §
                          §
          Defendants.     §

MEMORANDUM OPINION
and
ORDER

On October 9, 2015, plaintiff, Michael Bohannan
("Bohannan"), filed a document titled "Plaintiff's Motion for
Reconsideration of the September 29, 2015 Order Denying
Plaintiff's September 28, 2015 Filed Documents." The court has
concluded that such motion should be denied.

Of interest were Bohannan's complaint in such motion that
"the Court refuses to appoint him counsel to help him litigate
this case" and his representation to the court that he has "very
limited experience conducting litigation on his own behalf."
Bohannan has not been altogether candid with the court.

Because of this court's prior experiences with civil
litigation filed by Bohannan pro se, and the need for the court
from time-to-time to study Bohannan's litigation history, the
court has a significant amount of knowledge relative to that
history, including the civil cases in which Bohannan represented

himself.   The court is setting forth below a list of all civil
cases[1] of which the court has knowledge to which Bohannan was a
party, with an indication of those as to which the court has
information that Bohannan represented himself.

Case Nos. 1, 2, & 3
    July or August 1993 and November 1994:   State habeas actions
        filed in the Court of Criminal Appeals of Texas as Case
        Nos. 25,282-01 through -03.   The court's information is
        that the cases were dismissed without written orders on
        September 23, 1993, June 29, 1994, and March 15, 1995,
        respectively.   (The only readily available documentation
        the court has relative to these cases is the information
        contained in the attached Exhibits "A," "B," and "C.")

Case No. 4
    October 7, 1994:   Petition for writ of habeas corpus filed by
        Bohannan on October 7, 1994, in the United States
        District Court for the Northern District of Texas as
        Case No. 4:94-CV-684-A.   Bohannan represented himself.
        He was complaining of two 25-year sentences he had
        received for two aggravated-rape-with-a-deadly-weapon
        offenses.[2]   His sentences were imposed in November 1983

---

[1]The petitions for writ of habeas corpus Bohannan filed in federal court are treated as civil cases. For convenience, the court is treating Bohannan's state habeas corpus actions as civil cases as well.

[2]The facts pertaining to Bohannan's two aggravated-rape-with-a-deadly-weapon offenses were described by the Texas Supreme Court as follows:
     In September 1982, Michael Wayne Bohannan, then 26, married, and employed as a machinist, rode his bicycle past K.C.'s home several times and watched her inside through a window.  One evening, he donned a ski mask and carrying a large knife, entered the home through the rear door, walked down the hallway past a room in which a child was sleeping, and entered K.C.'s bedroom.  She way lying on the bed, reading a newspaper.  Bohannan forced her to perform oral and vaginal sex, then left.  Looking back on it, Bohannan testified in this case that he thought he would get some satisfaction or self-fulfillment out of raping K.C., and in some way, he expected K.C., 27, to "like being raped".
     Some three weeks later, Bohannan was driving around on his lunch break when he saw P.H., 27, enter her home.  He stopped, put on his ski mask, picked up his knife, and walked through the front door.  P.H. was with a group of children, whom Bohannan made her move to another room.  He then took P.H. to her bedroom and forced her to

(continued...)

by Criminal District Court No. 1 of Tarrant County,
Texas.  In addition to the filing of his petition for
writ of habeas corpus, Bohannan filed a Motion for Entry
of Default Judgment or in the alternative Motion for
Summary Judgment, a Motion Requesting Expansion of the
Record or in the alternative a Request for Leave of
Court to Conduct Discovery, and a Motion to Dismiss
Without Prejudice or Motion to Hold in Abeyance.  The
action was dismissed without prejudice on February 2,
1995, because of Bohannan's failure to exhaust state
remedies.

Case No. 5
    January 5, 1995:  Petition instituting civil action filed in
    the 345th District Court of Travis County, Texas, as
    Case No. 95-00141 by Bohannan against Texas Board of
    Criminal Justice and Texas Department of Criminal
    Justice.  Bohannan represented himself.  The nature of
    the action was described in an opinion of the Austin
    Court of Appeals of Texas as follows:

            Bohannan is an inmate who had accrued good
        conduct time while incarcerated.  He was
        released on mandatory supervision, which was
        later revoked.  He filed the instant suit
        claiming to have been adversely affected by the
        Board's September 17, 1993, policy directing
        that the Department cease the restoration of
        good conduct time after the revocation of
        mandatory supervision.  Bohannan's petition
        alleged that (1) under former Texas Government
        Code section 498.005, the Board exceeded its
        statutory authority by ordering the Department
        to cease the restoration of good conduct time in
        the absence of a finding that prison crowding
        had decreased; (2) the Board's acts in

---

[2](...continued)
perform oral and vaginal sex.  He now recalls, as before, he thought he would get some
satisfaction from raping P.H., "maybe . . . feel more of a man".
        Bohannan was apprehended and in 1983 pleaded guilty to two counts of
aggravated rape with a deadly weapon, and was sentenced to 25 years' imprisonment.
Court papers suggest that he committed a third rape for which he was not charged, but
Bohannan denies it.
In re Commitment of Bohannan, 388 S.W.3d 296, 299 (Tex. 2012).

developing the policy were procedurally
defective; (3) he had a vested property right to
the restoration of good conduct time; and (4)
the policy was retroactively applied to him.
The trial court granted the State's motion for
dismissal of the cause under section 13.001.

Bohannan v. Texas Bd. of Criminal Justice, 942 S.W.2d
113, 115 (Tex. App.--Austin 1997, writ denied).  The
appellate court reversed the dismissal and remanded the
case to the trial court.  The case was finally dismissed
in September 2006 for want of prosecution.

Case No. 6
    May 9, 1995:  Prisoner civil rights complaint filed by
    Bohannan on May 9, 1995, in the United States District
    Court for the Southern District of Texas as Case No.
    4:05-CV-1435.  Bohannan represented himself.  On
    September 7, 1995, the action was dismissed because of
    Bohannan's failure to comply with an order directing him
    to file a more definite statement.  Bohannan appealed to
    the Fifth Circuit from that dismissal.  The Fifth
    Circuit vacated the dismissal and remanded the case for
    further proceedings.  Bohannan filed several motions
    during the pendency of the case, including a motion for
    sanctions against defendants, a motion for preliminary
    injunction with supporting brief, a motion for hearing
    on outstanding motions, a motion for entry of default
    judgment, a motion to strike defendants' expert witness,
    a motion to compel discovery, a motion for extension of
    scheduling order, a motion for extension of time to
    respond to motion for summary judgment, a motion to
    strike defendants' motion for summary judgment, a motion
    for expedited hearing, a motion to modify trial exhibit
    exchange order, a motion for appointment of counsel, and
    a motion to allow Bohannan to attend final pretrial
    conference via telephone.  Bohannan filed several other
    documents, including objections to the court's failure
    to enforce its orders, failure to appoint counsel for
    him, and failure to hear his outstanding motions.

    Bohannan's complaint was that while housed as a
    prisoner at San Saba Transfer Unit from April 23, 1993,
    through July 14, 1994, he was not provided with adequate
    access to the prison's library or adequate legal

assistance, with the result that he was unable to
present arguments and issues relevant to the claims he
made in his first and second state writs of habeas
corpus.  He alleged that because he was unable to
adequately present his claims, his first, second, and
third state writs were denied, he lost his right to a <u>de
novo</u> review with regard to his federal writ, and he was
delayed in filing a claim for needed medical treatment.
He sought injunctive relief and damages for mental pain
and suffering.

On June 25, 1997, the court issued an order granting
the motion for summary judgment of defendants, and
issued a final judgment for defendants.

Bohannan appealed to the Fifth Circuit from that
final judgment.  On August 22, 1998, the Fifth Circuit
issued its opinion affirming the district court's grant
of the defendants' motion for summary judgment.

Case No. 7
   <u>September 12, 1995</u>:  Application for writ of habeas corpus
      filed in Criminal District Court No. 1, Tarrant County,
      Texas, as Case No. 25,282-04.  It was resolved by a
      decision of the Texas Court of Criminal Appeals on
      November 8, 1995.  (The only readily available
      documentation the court has relative to this case is the
      information contained in the attached Exhibits "A," "B,"
      and "C.")

Case No. 8
   <u>May 8, 1996</u>:  Petition for writ of habeas corpus filed by
      Bohannan on May 8, 1996, in the United States District
      Court for the Northern District of Texas as Case No.
      4:96-CV-326-A.  <u>Bohannan represented himself</u>.  He
      complained of the two 25-year sentences he received for
      aggravated-rape-with-a-deadly-weapon offenses in
      November 1983 in the Criminal District Court No. 1 of
      Tarrant County, Texas.  His typewritten petition was
      thirty-three pages in length.  He filed several motions,
      sometimes calling them requests, including a motion
      requesting extension of the record or, in the
      alternative, for leave to conduct discovery, a request
      for statement of facts, a motion for partial summary
      judgment, a request for order to produce state records,

a request for leave to expand record, a motion for
hearing, a motion to extend time to file objections to
magistrate judge's findings, or for court intervention,
and objections to findings and recommendations of
magistrate judge.  On February 7, 1997, a memorandum
opinion and order and final judgment were issued denying
Bohannan's petition.  He appealed to the Fifth Circuit
from that denial, and the Fifth Circuit affirmed by
opinion issued April 1, 1999.  The Supreme Court denied
writ of certiorari on November 8, 1999.

Case Nos. 9, 10, 11, & 12

December 27, 2001 - March 26, 2002:  During this time period
Bohannan filed four separate actions in the State of
South Carolina in the form of appeals from rulings
against him on grievances he had filed against prison
employees or officials in the State of South Carolina
while he was confined there.[3]  The appeals were to the
South Carolina Administrative Law Judge Division.  One
of the appeals addressed his grievance pertaining to
prison records containing false information relating to
an incident involving the misplacement of a prune
clipper, another related to a grievance complaining of
First Amendment retaliation, the third a grievance
complaining of denial of his First Amendment grievance
and of racial discrimination, and the fourth complaining

---

[3]Bohannan's prison time in South Carolina was the result of a sexual offense against a child that
took place while he was on mandatory supervision related to his aggravated-rape-with-a-deadly-weapon
offenses. The South Carolina offense was one of three sexual offenses related to children Bohannan
appears to have committed, all of which occurred after his aggravated-rape-with-a-deadly-weapon
offenses, as the Texas Supreme Court described them in In re Commitment of Bohannan:
       In 1991, Bohannan was released on mandatory supervision.  In April 1992, he
   was charged with attempting to kidnap a nine-year-old girl in a K-Mart, and in February
   1993, he pleaded guilty, though he now denies he committed any crime.  His mandatory
   supervision was revoked and he was returned to prison.
       In 1998, Bohannan was again released on mandatory supervision, and in 2000 he
   moved to South Carolina to live with his mother.  While there, he was convicted of
   exposing his genitals to an eight-year-old girl in a toy store and sentenced to three years'
   imprisonment.  Bohannan denies that the allegations were true.  In 2002, he was returned
   to prison in Texas.
       In 2004, Bohannan was released on mandatory supervision a third time.  But in
   2006, his release was again revoked, this time for viewing child pornography on a
   computer in a county law library.
388 S.W.3d at 299-300.

of First and Eighth Amendment violations arising from the denial of dental treatment.  In each instance, his appeal was denied with prejudice because he had been released from custody of the South Carolina prison officials.  In each instance, Bohannan appealed the dismissal to the McCormick County Court of Common Pleas.  As of July 2004, those appeals were still pending.  (The only readily available documentation the court has relative to these cases is the information contained in the attached Exhibit "A.")

Case No. 13

October 24, 2003:  Complaint alleging violations of the Texas Constitution and the United States Constitution was filed by Bohannan on October 24, 2003, in the United States District Court for the Western District of Texas as Case No. 03-CV-98.  He complained of mistreatment by several Texas Department of Criminal Justice-Institutional Division employees during his confinement at a facility in Fort Stockton, Texas, in 2002 and 2003.  Bohannan represented himself.  His handwritten complaint was thirty-one pages in length.  Bohannan filed several motions, including a motion for more definite answer, a motion for appointment of counsel, a motion for authorization to exceed page limitation, a motion for leave to file supplement to the original complaint, a motion for protective order (or a preliminary injunction), reasonable access to the law library, return of confiscated legal documents, and extension of time to file responsive pleadings, and a motion to extend time to file an objection to the report and recommendation of the magistrate judge.  Bohannan filed objections to the report and recommendation of the magistrate judge.  After the case was returned to the district judge from the magistrate judge, Bohannan filed a motion for enforcement of an order of the court and for appropriate sanctions.  On December 15, 2005, the district court adopted the report and recommendation of the magistrate judge, and dismissed Bohannan's claims.

Case Nos. 14, 15, 16, & 17

May 21, 2004:  Four petitions for writ of habeas corpus filed with the Texas Court of Criminal Appeals as Case Nos. 25,282-05 through -08.  (The only readily available documentation the court has relative to these cases is

the information contained in the attached Exhibits "A,"
"B," and "C.")

Case Nos. 18, 19, 20, & 21
June 22, 2004:  Petitions for writ of habeas corpus filed by
Bohannan in the Criminal District Court No. 2, Tarrant
County, Texas, as Case Nos. 25-282-09 through -12.  (The
only readily available documentation the court has
relative to these cases is the information contained in
the attached Exhibits "A," "B," and "C.")

Case No. 22
July 30, 2004:  Complaint filed by Bohannan on July 30, 2004,
in the United States District Court for the District of
South Carolina as Case No. 9:04-CV-2410-HMH.  Bohannan
represented himself.  At the time Bohannan was
imprisoned by the Texas authorities in Bee County,
Texas.  The facts giving rise to the claims he was
asserting occurred during a time period when he was
confined in a correctional institution in South
Carolina.  He sued eleven persons, each of whom was an
employee or official of the South Carolina correctional
system.  The action was brought under 42 U.S.C. §§ 1983,
1985, and 1986 based on violations of the First, Eighth,
and Fourteenth Amendments to the United States
Constitution and the South Carolina Constitution.  His
typewritten complaint was thirty-six pages in length.
Attached to the complaint was a list of prior litigation
in which Bohannan had been involved, which listed seven
non-habeas actions and six habeas actions.  A copy of
that list is attached hereto as Exhibit "A."  He
complained of events that occurred when he was
imprisoned in South Carolina from March 2001 until May
2002.  His complaints were of denial of dental care,
racial discrimination and First Amendment violations,
retaliation for the exercise of his First Amendment
rights.  Bohannan filed a motion to extend time to file
motion to compel answers to interrogatories, a motion to
compel answers to interrogatories, a motion for
appointment of counsel, and a motion for extension of
time to file objections to report and recommendation of
magistrate judge.  Defendants filed a motion for summary
judgment, which was granted; and, Bohannan's claims were
dismissed by a memorandum opinion and order and judgment
in a civil case in July 2005.  Bohannan appealed to the

United States Court of Appeals for the Fourth Circuit, which dismissed the appeal for failure to prosecute by order and mandate issued in December 2005.

Case No. 23
<u>June 2, 2005</u>:  Petition for writ of habeas corpus filed by Bohannan on June 2, 2005, in the United States District Court for the Northern District of Texas as Case No. 4:05-CV-344-A.  <u>Bohannan represented himself</u>.  He provided a litigation history, a copy of which is attached hereto as Exhibit "B."  The typewritten, petition was forty-seven pages in length.  Bohannan's first ground complained of the effectiveness of his trial counsel in his case charging him with two aggravated-rape-with-a-deadly-weapon offenses.  His other grounds complained of matters pertaining to his conditions of confinement while serving his sentence for commission of those offenses and related matters.  By order and final judgment issued March 16, 2006, Bohannan's petition was dismissed as to two grounds and denied as to two grounds.  Bohannan appealed to the Fifth Circuit, which issued an order on March 6, 2008, denying Bohannan a certificate of appealability.  His petition for writ of certiorari was denied in April 2009.  On March 10, 2010, Bohannan filed a Rule 60 motion for relief from the final judgment of dismissal, which was denied by order issued March 10, 2010.

Case Nos. 24 & 25
<u>September 21, 2007</u>:  Petitions for writ of habeas corpus filed by Bohannan on September 21, 2007, in the Texas Court of Criminal Appeals as Case Nos. 25,282-14 through -15.  (The only readily available documentation the court has relative to these cases is the information contained in the attached Exhibit "C.")

Case Nos. 26, 27, & 28
<u>September 23, 2009</u>:  Petitions for writ of habeas corpus filed by Bohannan on September 23, 2009, in Criminal District Court No. 1, Tarrant County, Texas, as Case Nos. C-1-008896-0222921-J, C-1-008897-020173, and C-008898-0201732-J.  (The only readily available documentation the court has relative to these cases is the information contained in the attached Exhibit "C.")

<u>Case No. 29</u>

<u>November 5, 2009</u>:  Petition for writ of habeas corpus filed
by Bohannan on November 5, 2009, in the United States
District Court for the Northern District of Texas as
Case No. 4:09-CV-662-A.  <u>Bohannan represented himself</u>.
He again was complaining of his two 25-year sentences
for aggravated-rape-with-a-deadly-weapon offenses.  His
handwritten motion was eighty-two pages in length
exclusive of what appear to be in excess of 100 pages of
attachments.  His petition contained a list of other
court actions in which he was a party, a copy of which
is attached hereto as Exhibit "C."  On November 10,
2009, Bohannan filed a forty-one page handwritten
document titled "Petitioner's 28 U.S.C. § 2254(e)(1)
Rebuttal" by which he said he was rebutting the state
court's factual determinations.  The court construed his
claims for relief to be as follows:

(1) His September 29, 2006, revocation was
    determined through practices and procedures,
    in violation of his constitutional rights,
    state statutory law, and agency policies;

(2) He was denied time credit for the time he
    was "imprisoned" by TDCJ on SISP, in
    violation of his constitutional rights;

(3) Texas officials retroactively implemented or
    applied a law, rule, or policy, which did
    not exist at the time of the offenses,
    resulting in a longer period of
    incarceration, in violation of his
    constitutional rights;

(4) He was denied the right to provide input and
    other evidence in his favor concerning
    possible employment and housing in TDCJ's
    December 5, 2003, and later, determinations
    of supervision levels and conditions of his
    release, in violation of his constitutional
    rights;

(5) He should be allowed to withdraw his guilty
    pleas because the state failed to comply
    with the plea bargain agreement by releasing

10

him on mandatory supervision, against his
wishes, rather than allowing him to serve
his sentences in TDCJ confinement;

(6) His November 14, 1983, convictions were
obtained by pleas of guilty that were not
made knowingly and voluntarily due to an
undiagnosed congenital or acquired
behavioral abnormality; and

(7) He is being denied a timely preliminary
revocation hearing in violation of his
constitutional rights.  (Petition at 11-82)

By order and final judgment issued April 23, 2010,
Bohannan's claims (1) through (4) were dismissed as
time-barred, (5) and (6) were dismissed with prejudice
as procedurally barred, and (7) was dismissed without
prejudice for failure to exhaust.

The Fifth Circuit vacated the April 23, 2010
judgment and remanded for reconsideration in the light
of the Supreme Court's decision in Wall v. Kholi, 562
U.S. 545 (2011).  On July 20, 2012, the court issued an
order on remand and a final judgment dismissing as moot
claims (1) and (4) and denying claims (2) and (3).   On
October 25, 2012, the Fifth Circuit denied Bohannan's
certificate of appealability as to this court's ruling
on a Rule 60(b) Bohannan had filed.  On August 6, 2013,
the Fifth Circuit dismissed Bohannan's appeal from this
court's ruling on his habeas petition.

Case No. 30
    March 30, 2011:  Filing by Bohannan of his civil rights
        complaint in the United States District Court for the
        Western District of Texas, as Case No. 1:11-CV-250-SS.
        This is the same case as the case now pending in the
        Northern District of Texas as Case No. 4:11-CV-299-A
        after transfer from the Western District to the Northern
        District.

Case No. 31
    November 14, 2014:  Petition for writ of habeas corpus filed
        by Bohannan on November 14, 2014, in the United States
        District Court for the Northern District of Texas as

Case No. 2:14-CV-235-J.   <u>Bohannan represented himself</u>.
His typewritten petition of ten pages in length was
accompanied by a typewritten memorandum twenty-seven
pages in length.   The grounds of the petition related to
execution of his sentences resulting from his 1983
convictions in two cases (Case Nos. 0201732 and 0222921)
in Criminal District Court No. 1 of Tarrant County,
Texas, for aggravated rape with a deadly weapon.   He
complained of actions of the Board of Pardons and
Paroles during or leading to proceedings for revocation
of his parole related to, <u>inter alia</u>, violation of the
terms or conditions of his civil commitment in early
2009.   The court denied Bohannan's motion for leave to
proceed <u>in forma pauperis</u>, and dismissed the petition by
judgment signed January 16, 2015.   Bohannan has appealed
the dismissal to the United States Court of Appeals for
the Fifth Circuit, and the appeal is now pending.

* * * * *

The court hereby informs the parties of its intent to take

judicial notice of the facts set forth in the listing provided

above.   As that listing reflects, the court has information that

Bohannan represented himself in nine of the listed cases.

Because of the nature of the other cases, the probability is that

he represented himself in each of those cases as well, though the

court does not have the records of those other cases that would

provide the court precise information on that subject.   Appeals

were taken by Bohannan from the court's rulings in many of the

listed cases, and the probability is that Bohannan represented

himself in some, if not most, of those appeals.   In some

instances, he has been successful in his self-representation on

appeal, including the first appeal he took in the instant action.

12

Not only has Bohannan handled his own legal representation sufficiently over the years to be a polished self-litigator by now, when he has had court-appointed legal representation, he apparently considered himself better informed on the law than his attorneys.  As examples:

In connection with one of his appeals to the Court of Criminal Appeals of Texas from the denial of a state court petition for writ of habeas corpus, the Texas appellate court noted that:

> We have received numerous documents from applicant himself, but applicant is represented by counsel and is not entitled to hybrid representation.  Because applicant is represented by counsel, we disregard his numerous <u>pro se</u> submissions and take no action on them.

Ex parte Bohannan, 350 S.W.3d 116, 116-17 n.1 (Tex. Crim. App. 2011)(citations omitted).  And, when appealing from the life sentence he is now serving, Bohannan invoked the right to represent himself notwithstanding court-appointed counsel, a tactic rejected by the Beaumont Court of Appeals of Texas with the following explanation:

> Bohannan accepted representation by counsel, then filed <u>pro se</u> motions which he argues invoked his right to represent himself.  However, the trial court was not obliged to read Bohannan's <u>pro se</u> motions. Additionally, Bohannan did not ask to proceed <u>pro se</u> at any time during the pretrial hearing and arraignment. Under these circumstances, we conclude the failure to allow Bohannan to proceed <u>pro se</u> was not an abuse of the trial court's discretion.

<u>Bohannan v. State</u>, No. 09-13-00090-CR, 2014 WL 5490936 at *7
(Tex. App.--Beaumont, Oct. 29, 2014, pet. filed)(citations
omitted).

So confident is Bohannan in his ability to provide
satisfactory legal representation for himself that he has
complained to the Court of Criminal Appeals of Texas that the
Beaumont Court of Appeals of Texas erred in imposing appellate
counsel on him against his wishes. <u>Bohannan v. State</u>, No.
PD-0347-15, Tex. Ct. of Criminal Appeals, Pet. for Discretionary
Review filed May 29, 2015 at 10-14. Moreover, he complained that
he was not permitted to represent himself in the trial of the
criminal case that resulted in his life sentence. <u>Id.</u> at 5-9.
He is now representing himself in his Petition for Discretionary
Review pending before the Texas Court of Criminal Appeals. <u>Id.</u>

The court is not persuaded that Bohannan needs counsel to
assist him in the instant litigation, and the court considers
that his representation that he has "very limited experience
conducting litigation on his own behalf" is a misrepresentation.
Also, the court considers that Bohannan's most-recent
misrepresentation is but a continuation of misrepresentations he
has made in this action concerning his litigation history,
starting with the complaint by which he initiated the action on
March 30, 2011. In the very first section of his March 30, 2011

14

complaint, Bohannan alleged, under the heading "PREVIOUS

LAWSUITS," the following:

> Plaintiff has filed two prior lawsuits in the
> federal district courts.  In the early 2000's Plaintiff
> filed a § 1983 action in a district court in South
> Carolina addressing a denial of dental care in a South
> Carolina prison.  Plaintiff believes that action was
> dismissed.  In, or close to 2004, Plaintiff filed a
> § 1983 action in the Pecos Division addressing an
> excessive use of force which occurred on the TDCJ's
> Lynaugh Unit.  Plaintiff believes that action was
> denied.
>
> Plaintiff filed a declaratory judgment action in
> state court in Austin.  It was returned to the trial
> court on appeal and Plaintiff is unsure as to what
> occurred thereafter (he could never get a hearing of
> the matter).
>
> Plaintiff has provided all the information he
> possesses about these prior actions and, because of his
> present circumstances, is unable to obtain more.

Doc. 1 at 2.[4]  The listing set forth above discloses that those

allegations were not candid.  The appearance is that Bohannan is

trying to use his status as an imprisoned criminal to obtain

special treatment by the court, and is using false

representations to the court in order to further his goal.  The

court has given, and will continue to give, Bohannan whatever

special consideration he should receive by reason of his

imprisonment, but the court should, and does, take into account

his litigation history.

                    *   *   *   *   *

---

[4]The "Doc. ___" reference is to the number assigned to the referenced item on the civil docket in this Case No. 4:11-CV-299-A.

The court ORDERS that such motion for reconsideration be, and is hereby, denied.

SIGNED October 14, 2015.

JOHN McBRYDE
United States District Judge

## PLAINTIFF'S PRIOR LITIGATION

Plaintiff, Michael W. Bohannan, filed the below listed legal actions in the court so designated:

## NON-HABEAS ACTIONS

1. On January 5, 1995, Plaintiff filed a civil action in the 345th District Court located in Travis County, Texas. The cause number assigned is 95-00141. The parties are Michael W. Bohannan v. Texas Board of Criminal Justice and Texas Department of Criminal Justice. Plaintiff believes the case remains assigned to the Honorable Mary Pearl Williams. The matter remains pending.

2. On May 9, 1995, Plaintiff filed a civil rights claim in the Southern District of Texas - Houston Division. The cause number assigned was H-95-CV-1435. The parties were Michael Bohannan v. TDCJ-ID, James Collins, Wayne Scott, Sherry Brown, Frank Hoke, Bruce August, and Jesse Rolan. The case was assigned to the Honorable David Hittner and Plaintiff believes it was denied after being vacated by the Fifth Circuit Court of Appeals.

3. On December 27, 2001, Plaintiff filed an appeal of the SCDC's denial of his grievance which addressed his prison records containing false information relating to an incident involving the misplacement of pruning clipper, on May 16, 2001, by an employee of the SCDC. Plaintiff's appeal was to the South Carolina Administrative Law Judge Division with a cause number 01-ALJ-04-01561 issued. The parties were Michael Bohannan v. SCDC.

   On July 17, 2002, the A.L.J.D. dismissed the appeal with prejudice because Plaintiff had been released from the custody of the SCDC. Plaintiff appealed the dismissal, on July 29, 2002, to the McCormick County Court of Common Pleas with a cause no. 2002-CP-35-97 assigned. The matter remains pending.

4. On March 15, 2002, Plaintiff filed an appeal of the SCDC's denial of his grievance which addressed a First Amendment Retaliation claim against SCDC McCormick Correctional Institution's Assistant Warden C. Kendall. Plaintiff's appeal was to the South Carolina Administrative Law Judge Division with a cause number 02-ALJ-04-00123 issued. The parties were

Michael Bohannan v. SCDC, Tracie Baxley, Sandra S. Bowie, I.A. Culbreath, and C. Kendall.

On July 17, 2002, the A.L.J.D. dismissed the appeal with prejudice because Plaintiff had been released from the custody of the SCDC.  Plaintiff appealed the dismissal, on July 30, 2002, to the McCormick County Court of Common Pleas with a cause no. 2002-CP-35-98 assigned.  The matter remains pending.

5.  On March 19, 2002, Plaintiff filed an appeal of the SCDC's denial of his grievance which addressed First Amendment and racial discrimination violations by an SCDC employee W. Oliver on August 26, 2001.  Plaintiff's appeal was to the South Carolina Administrative Law Judge Division with a cause number 02-ALJ-04-00124 issued.  The parties were Michael Bohannan v. SCDC, W. Oliver, I.A. Culbreath, Tracie Baxley, and Sandra Bowie.

On July 17, 2002, the A.L.J.D. dismissed the appeal with prejudice because Plaintiff had been released from the custody of the SCDC.  Plaintiff appealed the dismissal, on August 5, 2002, to the McCormick County Court of Common Pleas with a cause no. 2002-CP-35-102 assigned.  The matter remains pending.

6.  On March 26, 2002, Plaintiff filed an appeal of the SCDC's denial of his grievance which addressed First and Eighth Amendment violations arising from a denial of dental treatment by an SCDC employee, Dr. Alcye Y. Hawes.  Plaintiff's appeal was to the South Carolina Administrative Law Judge Division with a cause number 02-ALJ-04-00125 issued.  The parties were Michael Bohannan v. SCDC, Gary D. Maynard, Richard Stroker, Tracie Baxley, Sandra S. Bowie, I.A. Culbreath, Frazier Jackson, Dr. Medrina Gilliam, Janice Phillips, Dr. A. Hawes, and Ms. Freeman.

On July 17, 2002, the A.L.J.D. dismissed the appeal with prejudice because Plaintiff had been released from the custody of the SCDC.  Plaintiff appealed the dismissal, on August 5, 2002, to the McCormick County Court of Common Pleas with a cause no. 2002-CP-35-101 assigned.  The matter remains pending.

7.  On, or about, October 22, 2003, Plaintiff filed a 42 U.S.C. §1983 Complaint arising out of an unwarranted and excessive use of force which occurred in a Texas prison.  Plaintiff filed the cause in the U. S.

Exhibit "A"
(consisting of 4 pages)
Page 2 of 4

District Court for the Western District of Texas, Pecos Division with a
cause number P-03-CV-98 issued.  The parties are Michael W. Bohannan v.
Allen R. Collins, TDCJ, Richard Morris, Paul K. Weatherby, Saul M.
Trujillo, Reynaldo Marquez, Manuel D. Castellano, and Eunice M. Chavarria.
The cause has been assigned to the Honorable Robert Junell.  The matter
remains pending.

## HABEAS ACTIONS

1.  In July or August of 1993, on an unknown date, and on November 11, 1994,
    Plaintiff filed state habeas actions in the Texas Court of Criminal Appeals.
    They were numbered 25,282-01 thru -03.  Each was filed as an ex parte
    petition.  They were each denied, without written order, on September 23,
    1993; June 29, 1994; and March 15, 1995 respectively.

2.  On October 7, 1994, Plaintiff filed a federal habeas petition in the
    Northern District of Texas - Fort Worth Division.  The cause number
    assigned was 94-CV-684.  The parties were Michael Bohannan v. E.G. Owens
    and Wayne Scott.  The Honorable John McBryde dismissed the petition
    without prejudice, at the petitioner's request, to exhaust state remedies.

3.  On September 12, 1995, Plaintiff returned to the Texas Court of Criminal
    Appeals to exhaust his remaining habeas issues.  The ex parte petition
    was numbered 25,282-04.  On November 9, 1995, the Court dismissed the
    petition without written order.

4.  On May 8, 1996, Plaintiff returned to federal court with his habeas claims,
    now exhausted.  The Northern District of Texas - Fort Worth Division
    assigned the petition the cause number 96-CV-326.  The parties were
    Michael Bohannan v. Wayne Scott.  The Honorable John McBryde heard the
    petition and dismissed it.  The Fifth Circuit Court of Appeals granted
    an appeal which they heard and denied.  The United States Supreme Court
    denied Certiorari on November 8, 1999.

5.  On May 21, 2004, Plaintiff filed four habeas petitions in the Texas Court
    of Criminal Appeals.  The ex parte petitions were numbered 25,282-05 thru
    -08.  The Court dismissed them because of a defect in the form, ordering
    Plaintiff to correct the error and re-file them if he desired that they
    be heard.

Exhibit "A"
(consisting of 4 pages)
Page 3 of 4

6. On June 22, 2004, Plaintiff re-filed his four habeas petitions, in the trial court, for processing and forwarding to the Texas Court of Crimin Appeals. Those petitions, when filed in the Court of Criminal Appeals, will be numbered 25, 282-09 thru -12. They remain pending.

Plaintiff, Michael W. Bohannan affirms that the foregoing litigation history is complete and correct to the best of his knowledge and belief.

Executed on this the __15th__ day of __July__, 2004.

_Michael W. Bohannan_
Michael W. Bohannan

Exhibit "A"
(consisting of 4 pages)
Page 4 of 4

A - 4

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state application for writ of habeas corpus that you may have filed.

☒ Yes    ☐ No

11. If your answer to 10 is "Yes," give the following information:

Name of court: **Criminal District Court #1 Tarrant County**

Nature of proceeding: **Habeas Corpus Application**

Cause number (if known): **25,282-01**

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.
**August 6, 1993**

Grounds raised: **Time Credit Deprivation**

<u>Date</u> of final decision: **September 29, 1993**

Name of court that issued the final decision: **Texas Court of Criminal Appeals**

As to any <u>*second*</u> petition, application or motion, give the same information:

Name of court: **Criminal District Court #1 Tarrant County**

Nature of proceeding: **Habeas Corpus Application**

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.
**May 16, 1994**

Grounds raised: **Time Credit Deprivation**

<u>Date</u> of final decision: **June 29, 1994**

Name of court that issued the final decision: **Texas court of Criminal Appeals**

*** (Continued on Additional Pages) ***
*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

Exhibit "B"
(consisting of 3 pages)
Page 1 of 3

Case 4:05-cv-00344-A   Document 221   Filed 10/14/15   Page 22 of 29   PageID 1461
Case 4:05-cv-00344-A   Document 1   Filed 08/02/05   Page 5 of 40   PageID 52

## Litigation History Continued

C. Third Filing

    Name of Court:  Criminal District Court #1 Tarrant County

    Nature of Proceeding:  Habeas Corpus Application

    Cause Number:  25,282-03

    Filing Date: November 11, 1994

    Grounds Raised: Revocation related Due Process violations

    Date of final decision: March 15, 1995

    Name of final decision Court: Texas Court of Criminal Appeals


D. Fourth Filing

    Name of Court:  U.S. District Court Northern District of Texas - Ft. Worth

    Nature of Proceeding:  Habeas Corpus Application

    Cause Number:  94-CV-684

    Filing Date:  October 7, 1994

    Grounds Raised: Time Credit Deprivation and Revocation Errors

    Date of final decision: ??/??/??

    Name of final decision Court: U.S. DIstrict Court - Ft. Worth Division


E. Fifth Filing

    Name of Court:  Criminal District Court #1 Tarrant County

    Nature of Proceeding:  Habeas Corpus Application

    Cause Number:  25,282-04

    Filing Date: September 12, 1995

    Grounds Raised: Ex Post Facto Board Policy

    Date of final decision:  November 8 1995

    Name of final decision Court: Texas Court of Criminal Appeals


F. Sixth Filing

    Name of Court:  U.S. District Court Northern District of Texas - Ft. Worth

    Nature of Proceeding:  Habeas Corpus Application

    Cause Number:  96-CV-326

    Filing Date:  May 8, 1996

    Grounds Raised: Grounds raised in foregoing state writ applications.

    Date of final decision:  ??/??/??

    Name of final decision Court: U.S. Supreme Court

G. Seventh Filing

    Name of Court:  Criminal District Court #1 Tarrant County

    Nature of Proceeding:  Habeas Corpus Application

    Cause Number:  25,282-05 thru -08

    Filing Date: May 11, 2004

    Grounds Raised: Those raised in this Petition

    Date of final decision: June 2, 2004 (Dismissed because of form error)

    Name of final decision Court: Texas Court of Criminal Appeals

H  Eighth Filing

    Name of Court:  Criminal District Court #1 Tarrant County

    Nature of Proceeding:  Habeas Corpus Application

    Cause Number:  25,282-09 thru -12

    Filing Date: June 22, 2004

    Grounds Raised: Those raised in this Petition

    Date of final decision: May 18, 2005

    Name of final decision Court: Texas Court of Criminal Appeals

END OF RESPONSES TO QUESTION #11.

Exhibit "B"
(consisting of 3 pages)
Page 3 of 3

10. Other than a direct appeal, have you filed any petitions, applications, or motions from this judgment in any court, state or federal? This includes any state application for writ of habeas corpus that you may have filed.

■ Yes          ☐ No

11. If your answer to 10 is "Yes," give the following information: (Petitioner has provided all the data he has access to) (and/or believes is correct.)

Name of court: _Texas Court of Criminal Appeals_

Nature of proceeding: _Tex. C. Crim. P. art. 11.07_

Cause number (if known): _25,282-01_

Date (month, day and year) you filed the petition, application, or motion as shown by a file-stamped date from the court.

_[Tex. Crim. App. decision date — ,1993]_

Grounds raised: _failure to restore good time credits_

Date of final decision: _Nov. 8, 1999_

Name of court that issued the final decision: _United States Supreme Court_

As to any second petition, application, or motion, give the same information:

Name of court: _Texas Court of Criminal Appeals_

Nature of proceeding: _Tex. C. Crim. P. art. 11.07_

Cause number (if known): _25,282-02_

Date (month, day, and year) you filed the petition, application or motion as shown by a file-stamped date from the court.

_[Tex. Crim. App. decision date — June 29, 1994 ]_

Grounds raised: _failure to restore good time credits_

Date of final decision: _Nov. 8, 1999_

Name of court that issued the final decision: _United States Supreme Court_

*If you have filed more than two petitions, application, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.* _See Pages 4 thru 8 attached._

3. Name of court: USDC Northern Dist of Texas - Ft. Worth Div.

Nature of proceeding: 28 U.S.C.S. § 2254

Cause Number: 4:94-CV-684-A

File Date:              , 1994

Grounds Raised: failure to restore good time credits, 1993 revocation


Final Decision date: _____ (dismissed w/o prejudice - exhaustion grounds)

Name of Final Decision court: USDC Northern Dist. of Texas - Ft. Worth Div.


4. Name of court: Texas Court of Criminal Appeals

Nature of proceeding: Tex. C. Crim. P. art. 11.07

Cause Number: 25,282-03

File Date:              [Tex. Crim. App. decision date March 15, 1995]

Grounds Raised: failure to restore good time credits, 1993 transfer of custody
violating plea agreement.

Final Decision date: Nov. 8, 1999

Name of Final Decision court: United States Supreme Court


5. Name of court: Texas Court of Criminal Appeals

Nature of proceeding: Tex. C. Crim. P. art. 11.07

Cause Number: 25,282-04

File Date:              [Tex. Crim. App decision date Nov. 8, 1995]

Grounds Raised: 1993 revocation


Final Decision date: Nov. 8, 1999

Name of Final Decision court: United States Supreme Court

Exhibit "C"
(consisting of 6 pages)
Page 2 of 6

- 4 -

6.  Name of court: USDC Northern Dist. of Texas -Fort Worth Div.
    Nature of proceeding: 28 U.S.C.S. § 2254
    Cause Number: 4:96-CV-326
    File Date: , 1996 [USDC decision date , 1997]
    Grounds Raised: issues presented in 1-5 above.

    Final Decision date: Nov. 8, 1999
    Name of Final Decision court: United States Supreme Court

7.  Name of court: Fifth Circuit Court of Appeals
    Nature of proceeding: 28 U.S.C.S. § 2254 appeal
    Cause Number: 97-10251
    File Date: , 1997 [5th Cir. decision date April 1, 1999]
    Grounds Raised: issues presented in 1-6 above.

    Final Decision date: Nov. 8, 1999
    Name of Final Decision court: United States Supreme Court

8.  Name of court: United States Supreme Court
    Nature of proceeding: writ of certiorari application
    Cause Number: 99-6405
    File Date: , 1999
    Grounds Raised: issues presented in 1-7 above.

    Final Decision date: Nov. 8, 1999
    Name of Final Decision court: United States Supreme Court

Exhibit "C"
(consisting of 6 pages)
Page 3 of 6

9. Name of court: Texas Court of Criminal Appeals

   Nature of proceeding: Tex. C. Crim. P. art. 11.07

   Cause Number: 25,282-05 thru 25,282-08

   File Date: _____, 2004 [Tex.Crim App. decision date June 2, 2004]

   Grounds Raised: ineffective assistance of counsel, 2002 revocation, time credit denial arising from SISP.

   Final Decision date: June 2, 2004

   Name of Final Decision court: Texas Court of Criminal Appeals

10. Name of court: Texas Court of Criminal Appeals

    Nature of proceeding: Tex. C. Crim. P. art. 11.07

    Cause Number: 25,282-09 thru 25,282-12

    File Date: _____, 2004 [Tex.Crim.App. decision date May 18, 2005]

    Grounds Raised: issues presented in 9 above.

    Final Decision date: March 30, 2009

    Name of Final Decision court: United States Supreme Court

11. Name of court: USDC Northern Dist. of Texas - Fort Worth Div.

    Nature of proceeding: 28 U.S.C.S § 2254

    Cause Number: 4:05-CV-0344-A

    File Date: June 2, 2005 [USDC decision date March 16, 2006]

    Grounds Raised: issues presented in 9-10 above

    Final Decision date: March 30, 2009

    Name of Final Decision court: United States Supreme Court

Exhibit "C"
(consisting of 6 pages)
Page 4 of 6

12. Name of court: Fifth Circuit Court of Appeals
Nature of proceeding: 28 U.S.C.S § 2254 appeal
Cause Number: 07-10621
File Date: June 18, 2007 (notice of appeal filed)
Grounds Raised: issues presented in 9-11 above

Final Decision date: March 30, 2009
Name of Final Decision court: United States Supreme Court

13. Name of court: Texas Court of Criminal Appeals
Nature of proceeding: Tex. C. Crim. P. art. 11.07
Cause Number: 25,282-14 thru 25,282-15
File Date: Sept. 21, 2007  [Tex. Crim. App. decision date July 8, 2009]
Grounds Raised: Grounds One thru Four in this petition.

Final Decision date: *Last decision was on July 8, 2009.
Name of Final Decision court: *Last decision was by Tex. Court Crim. App.

14. Name of court: United States Supreme Court
Nature of proceeding: writ of certiorari application
Cause Number: 08-8387
File Date:          , 2008
Grounds Raised: issues presented in 9-12 above.

Final Decision date: March 30, 2009
Name of Final Decision court: United States Supreme Court

Exhibit "C"
(consisting of 6 pages)
Page 5 of 6

- 7 -

15. Name of court: Criminal Dist. Court No. 1 Tarrant County

Nature of proceeding: Tex. C. Crim. P. art. 11.07

Cause Numbers: C-1-008896-0222921-J and C-1-008897-020173:

File Date: Sept. 23, 2009

Grounds Raised: Grounds Five thru Six in this position.


Final Decision date: No decision yet

Name of Final Decision court: N/A


16. Name of court: Criminal Dist. Court No. 1 Tarrant County

Nature of proceeding: Tex. C. Crim. P. art 11.07

Cause Number: C-1-008898-0201732-J

File Date: Sept. 23, 2009

Grounds Raised: Ground Seven in this position.


Final Decision date: No decision yet

Name of Final Decision court: N/A

Exhibit "C"
(consisting of 6 pages)
Page 6 of 6